UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| PATRICIA YADIRA QUISHPE-GUAMAN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> KRISTI NOEM, ) <br> TODD M. LYONS, ) <br> SAMUEL OLSON, ) <br> SCOTT A. MAPLES, JR., ) <br> RANDY THOMAS, ) <br> MARK GRUBE ) <br> ) <br> Respondents. ) | Case No. 4:25-cv-00211-TWP-KMB |

### ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING FURTHER ACTIONS

This matter is before the Court on an Emergency Petition for a Writ of Habeas Corpus (Dkt. 1) and Emergency Motion for Entry of Proposed Order to Show Cause (Dkt. 2), filed by Petitioner Patricia Quishpe-Guaman ("Quishpe"). Quishpe is detained at the Clark County Jail in Jeffersonville, Indiana, under the authority of U.S. Immigration and Customs Enforcement ("ICE"). She petitions the Court to: (a) enter an Order to Show Cause and Temporary Relief; (b) direct Respondents Kristi Noem, Todd M. Lyons, Samuel Olson, Scott A. Maples, Jr., Randy Thomas, and Mark Grube (collectively, "Respondents") to show cause within seventy-two (72) hours why the writ should not issue; (c) enjoin any transfer or removal of Petitioner pending this Court's review; and (d) grant such other relief as this Court deems just and proper. *Id*. at 3. Respondents respond that Quishpe's detention is lawful, that it does not violate due process, and that the only available remedy, if any, is a bond hearing at which Respondents bear the burden of justifying Quishpe's continued detention by clear and convincing evidence. Quishpe also requests attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412. Collectively, the

parties' submissions demonstrate that Quishpe is statutorily eligible for bond and that her continued detention without a bond hearing is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). For the reasons explained below, the petition and motion are **granted**.

## I. FACTS

Quishpe is a citizen of Ecuador who entered the United States without inspection on December 1, 2023 (Dkt. 1 at 1-2). If Quishpe was an "alien[] arriving in the United States," the government was obligated by statute to immediately order her removed from the United States or refer her to an asylum officer, at which point she would have been subject to either removal or mandatory detention pending review of her claims. 8 U.S.C. § 1225(b)(1). Alternatively, if Quishpe was "an applicant for admission" to the United States, the government was obligated to detain her pending resolution of removal proceedings. 8 U.S.C. § 1225(b)(2).

The government did not exercise either authority. Quishpe was not detained. Instead, a Border Patrol Agent issued a notice to appear directing Quishpe to appear before an Immigration Judge in Chicago in April 2027 (Dkt. 16-2 at 32). The notice identifies Quishpe as "an alien present in the United States who has not been admitted or paroled," not as "an arriving alien." *Id.* The notice also does not identify Quishpe as an applicant for admission. *Id.*

On October 17, 2024, Quishpe filed a Form I-589 Application for Asylum and for Withholding of Removal. *Id.* at 14. Nearly a year later, on October 16, 2025, Quishpe was detained by ICE agents at her place of work during a targeted enforcement operation in Chicago, Illinois (Dkt. 16 at 4). The following day, ICE determined that she could be held without bond. *Id.* Quishpe has no criminal history, she holds valid employment authorization through May 8, 2030, and her asylum case before the Chicago Immigration Court remains pending (Dkt. 2 at 2).

The crux of Quishpe's petition is that ICE improperly detained her under a statute making her ineligible for bond and that Respondents' refusal to consider bond makes her continued detention unlawful. The Court will first address Respondents' arguments that Quishpe has failed to exhaust her administrative remedies and that she is not entitled to a bond, before turning to their argument that there has been no violation of Quishpe's due process rights.

## II.     EXHAUSTION

Quishpe has yet to appear before an Immigration Judge, and through no fault of Quishpe, her hearing is scheduled for April 2027. Respondents argue that, as a result, the instant petition is premature because Quishpe has not exhausted all available administrative remedies. Quishpe argues that any attempt to exhaust her administrative remedies would be futile because an Immigration Judge would deny her request for a bond hearing under the recent Bureau of Immigration Appeals ("BIA") decisions *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), and *Matter of Q. Li*, 29 I. & N. Dec. 66 (BIA 2025). Both *Yajure Hurtado* and *Q. Li* held that Immigration Judges do not have the authority to hold a bond hearing where the moving noncitizen entered the country without inspection.[1] Because Quishpe entered the country without inspection, if she were to move for a bond hearing, an Immigration Judge following these decisions would have to decline jurisdiction over the issue.

Importantly, Respondents do not cite a statute requiring Quishpe to move for a bond hearing before an Immigration Judge prior to seeking habeas relief. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation modified). Requiring Quishpe to exhaust her administrative remedies here would be futile. As another district

---

[1] As will be explained below, *Matter of Hurtado*'s rationale is that noncitizens who entered without inspection are subject to the mandatory detention provision in § 1225, not the discretionary detention provision in § 1226(a).

3

court in the Seventh Circuit has noted, "[Respondents'] argument is Kafkaesque. Requiring Petitioner to exhaust his administrative remedies would be futile because Respondents' position is that he is *statutorily precluded* from obtaining the relief he seeks. The Court declines to require exhaustion because there is nothing to indicate the BIA would change its position once the BIA has predetermined the statutory issue." *Valencia v. Noem*, No. 25-CV-12829, 2025 WL 3042520, at *2 (N.D. Ill. Oct. 31, 2025) (emphasis in original) (citation modified). As the government has done in other cases, Respondents here repeat the argument that Quishpe must exhaust her administrative remedies, but they do not deny that Immigration Judges and the BIA are bound to find Quishpe ineligible for bond pursuant to *Yajure Hurtado* and *Q. Li*. The Court finds that exhaustion of Quishpe's administrative remedies would be futile and, therefore, is not required.

### III. ELIGIBILITY FOR BOND

Quishpe contends that the government's authority to detain her derives from 8 U.S.C. § 1226(a), which states, in relevant part:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. . . . [P]ending such decision, the Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on . . . bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or . . . conditional parole.

Respondents argue that they are authorized to detain Quishpe by § 1225(b)(2)(A), which states: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding." The BIA provided its analysis of this authority as follows:

4

> Aliens, like the respondent, who surreptitiously cross into the United States remain applicants for admission until and unless they are lawfully inspected and admitted by an immigration officer. Remaining in the United States for a lengthy period of time following entry without inspection, by itself, does not constitute an "admission." *See* INA § 101(a)(13)(A), 8 U.S.C. § 1101(a)(13)(A) (2018) (defining "admission"). Likewise, being arrested pursuant to a warrant and placed into removal proceedings does not constitute an admission. Therefore, just as Immigration Judges have no authority to redetermine the custody of arriving aliens who present themselves at a port of entry, they likewise have no authority to redetermine the custody conditions of an alien who crossed the border unlawfully without inspection, even if that alien has avoided apprehension for more than 2 years.

*Yajure Hurtado*, 29 I. & N. Dec. at 228.

Quishpe bases her petition on the proposition that this reasoning—and therefore § 1225—does not apply to her arrest and detention. She maintains that the government released her on her own recognizance under § 1226 and that she remained subject to § 1226 when it redetained her this year.

Respondents respond that because Quishpe has applied for asylum, "she is plainly seeking admission to the United States," and so she is subject to mandatory detention under § 1225(b)(2)(A). (Dkt. 16 at 9).

Since the BIA issued *Yajure Hurtado*, federal courts have issued dozens of opinions in habeas actions by detainees claiming to be subject to § 1226 but whom the government insists are subject to mandatory detention under § 1225. Respondents rely on two district court cases, *Vargas Lopez v. Trump*, No. 25-cv-526, 2025 WL 2780351 (D. Neb. Sept. 30, 2025), and *Chavez v. Noem*, No. 25-CV-23250, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025). In both cases, the courts' reasoning drew heavily from *Yajure Hurtado*, a non-binding decision that—deviating from longstanding practice—endorsed detentions pursuant to § 1225(b) rather than § 1226(a) for non-citizens who were not apprehended upon entering the country. This Court has not adopted that reasoning. *See Singh v. Bondi*, No. 1:25-CV-02101-SEB-TAB, 2025 WL 3029524, at *4–6 (S.D.

5

Ind. Oct. 30, 2025); *Alejandro v. Olson*, No. 1:25-CV-02027-JPH-MKK, 2025 WL 2896348, at *6 (S.D. Ind. Oct. 11, 2025); *B.D.V.S. v. Forestal*, No. 1:25-CV-01968-SEB-TAB, 2025 WL 2855743, at *2 (S.D. Ind. Oct. 8, 2025).

In this case, Respondents' actions and their representations to Quishpe demonstrate that her detention is governed by § 1226, and detention pursuant to § 1225 was, therefore, incorrect.

If Quishpe was an applicant for admission by virtue of her entry into the United States, the government was statutorily obligated to detain her under § 1225(b) when it initially apprehended her. It did not do so. Instead, it released her on her own recognizance. In such cases, § 1226 is the *only* basis for release. Under § 1225, the government could only remove her or detain her pending review by an asylum officer. The fact that the government released Quishpe on her own recognizance is strong evidence that she is subject to § 1226 rather than § 1225.

"[T]he Government has affirmatively decided to treat [Quishpe] as being detained under Section 1226(a) and it cannot now be heard to change its position to claim that [she] is detained under Section 1225(b)." *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025) (citing *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)); *see also Valencia Zapata v. Kaiser*, No. 25-CV-07492, 2025 WL 2741654, at *9 (N.D. Cal. Sept. 26, 2025) ("[T]he government cannot switch tracks and subject Petitioners to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioners in removal proceedings under section 1229a and released them on their own recognizance under section 1226(a)."); *cf. Fornalik v. Perryman*, 223 F.3d 523, 530 (7th Cir. 2000) ("Where . . . the last office to act has full knowledge of the actions taken by other branches of the same agency, it cannot simply issue a decision and expect its pronouncement to have no effect. . . . We REVERSE the judgment of the district court and REMAND this case with instructions to the Chicago office of

the INS to respect the deferral decision currently in effect, unless and until, *through authorized procedures*, the agency as a whole comes to a final decision on Boguslaw Fornalik's status." (emphasis added)).

## IV. FIFTH AMENDMENT DUE PROCESS

Under the heading "Continued Detention is Reasonable," Respondents argue that continued detention does not implicate Quishpe's Fifth Amendment Due Process protections and offer the following:

> ICE can lawfully detain the Petitioner because she is inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). To the extent she is making a due process claim in her petition, it should be rejected because she has not been detained longer than six months, thus her continued detention is reasonable under *Demore v. Kim*, 538 U.S. 510, 528 (2003) (explaining that detention during removal proceedings is a necessary part of removal proceedings); *see also Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding post-removal that Government cannot detain an alien "indefinitely," limiting "post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States" and finding a detention period of six months is "presumptively reasonable."). Here, the Petitioner has only been detained since October 16, 2025, so there are no due process concerns.

(Dkt. 16 at 11).

Respondents' argument is misplaced. Quishpe does not deny that the government has authority to charge her as removable, arrest her, and detain her during the pendency of her removal proceedings. Quishpe argues—correctly—that within that process, she is eligible to request bond, the Attorney General has discretion to grant it, and the continuing failure to provide a bond hearing violates her rights. Respondents' position and Quishpe's position are not mutually exclusive.

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment*." Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at

7

the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2011).

To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part balancing test set forth in *Matthews*. The court must weigh: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. 424 U.S. at 335.

Applying this analysis, Quishpe's detention without a bond hearing violates procedural due process. Quishpe has a cognizable private interest in being freed from unlawful detention without any opportunity for a bond hearing. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (explaining that one of the "most elemental of liberty interests" is to be free from detention). There is a severe risk of erroneous deprivation because a hearing would require the Immigration Judge to make an individualized determination evaluating dangerousness and flight risk. Given that an Immigration Judge has not made this determination, Quishpe's current detention might well be erroneous. Last, the government's interest is slight insofar as an Immigration Judge has *not* determined that Quishpe poses a flight risk or a danger to the community. Quishpe merely asks that the government hold a hearing to make this determination. As other courts have concluded in cases involving similar factual circumstances, Quishpe's detention without a bond hearing amounts to a due process violation. *See, e.g.*, *Ochoa Ochoa v. Noem*, No. 25 CV 10865, 2025 WL 2938779, at *4 (N.D. Ill. Oct. 1, 2025) (finding detention under § 1225(b)(2) without a bond hearing to violate petitioner's due process rights); *Lopez Benitez v. Francis*, No. 25 Civ. 5937, 2025 WL 2371588, at *13

(S.D.N.Y. Aug. 13, 2025); *Doe v. Moniz*, No. 1:25-cv-12094, 2025 WL 2576819, at *11 (D. Mass. Sept. 5, 2025) ("In sum, the *Mathews* factors weigh in favor of Petitioner, and the court finds that his detention without a bond hearing violates his Due Process rights.").

## V. CONCLUSION AND FURTHER ACTIONS

Petitioner Patricia Quishpe-Guaman seeks a Writ of Habeas Corpus requiring Respondents to release her immediately or afford her a bond hearing. The Court has determined that Quishpe need not exhaust her administrative remedies for the reasons set out in Part II of this Order. As explained in Part III of this Order, the Court finds that Quishpe's detention is governed by 8 U.S.C. § 1226(a), she is therefore eligible for (although not necessarily entitled to) bond, and the government's failure to provide a bond hearing, based on detention pursuant to § 1225, was factually and legally incorrect, making her current detention "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3). Quishpe is therefore entitled to a writ of habeas corpus. A bond hearing must be conducted forthwith.

The Petition for Writ Of Habeas Corpus, Dkt. [1], is **GRANTED**. The Court **DECLARES** that Quishpe's continued detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–26 and/or the Due Process Clause of the Fifth Amendment to the U.S. Constitution. Respondents will have **seven (7) days** from the date of this Order to notify the Court that Quishpe has received a bond hearing, affording her all proceedings and rights provided by § 1226 and its corresponding regulations, and that her claim for release on bond has been heard and considered on the merits.

Quishpe's Emergency Motion for an Order to Show Cause, Dkt. [2], is **GRANTED** to the extent set forth in the Court's October 27, 2025 Order (Dkt. 11).

Quishpe's request for attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, and on any other basis deemed just, (Dkt. 1 at 24), must be presented in a proper motion under Federal Rule of Civil Procedure 54(d) and Local Rule 54-1. Any such motion and accompanying brief should be filed **within fourteen (14) days** of the date of this Order. Thereafter, Respondents will have **fourteen (14) days** to respond.

**Final judgment** will be entered in a separate Order.

**IT IS SO ORDERED.**

Date: 11/17/2025

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel of record

By U.S. Mail:

Sheriff Scott A. Maples, Jr.
Clark County Sheriff's Office
501 East Court Avenue
Jeffersonville, IN 47130

Randy Thomas
Chief Deputy
Clark County Sheriff's Office
501 East Court Avenue
Jeffersonville, IN 47130

Mark Grube
Assistant Chief
Clark County Sheriff's Office
501 East Court Avenue
Jeffersonville, IN 47130

Courtesy copies (by electronic mail):

 R. Scott Lewis, County Attorney (slewis@clarkcounty.in.gov)